IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MELINDA KNEPP          :

                          :      Civil Action No. 4: 06-CV-1018

          Plaintiff,     :

                          :      (Judge McClure)

          v.            :

                          :

UNITED STONE VENEER, LLC.,   :

                          :

          Defendant    :

**O R D E R**

December 14, 2007

**BACKGROUND:**

On May 18, 2006, plaintiff Melinda Knepp instituted this civil action against defendant, United Stone Veneer, LLC ("USV").  In her complaint, plaintiff alleges a cause of action based on Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act ("PHRA").  Specifically, plaintiff complains that she was sexually harassed by an employee of USV and then terminated from employment when she repeatedly refused the employee's advances.  Defendant filed an answer to the complaint on June 22, 2006.

Once again the court has before it another discovery dispute between the parties.  Evidently, defense counsel has noticed the deposition of plaintiff's former attorney, Glenn Smith, and has also served a subpoena for records upon attorney

Smith.  On November 15, 2007, plaintiff filed a "Motion to Quash" in which she

seeks to quash the subpoena for records that was served upon attorney Smith.

(Rec. Doc. No. 64.)  Opposing and reply briefs have been field and the matter is

ripe for disposition.  Now, for the following reasons, the court will grant the

motion.


**DISCUSSION:**

Plaintiff has moved to quash the subpoena that was served on plaintiff's

former counsel.  Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil procedure

states that upon a timely motion, the "court must quash or modify a subpoena that

requires the disclosure of privileged or other protected matter, if no exception or

waiver applies."  Despite the fact that attorney Smith is no longer plaintiff's

counsel in this case, the deposition of that attorney and the subpoena of his records

still clearly implicates the attorney-client privilege and the work-product doctrine.

Therefore, we must determine whether these privileges are applicable and if so,

whether an exception or waiver may apply that would permit defendant to discover

the evidence it desires.

Communications are protected under the attorney-client privilege when:

1) legal advice of any kind is sought; 2) from a professional legal advisor in his

capacity as such; 3) the communications relating to that purpose; 4) made in confidence; 5) by the client; 6) are at his insistence permanently protected; 7) from disclosure by himself or by the legal advisor; 8) except that the protection may be waived. In re Grand Jury Proceeding Impounded, 241 F.3d 308, 316 n. 6 (3d Cir. 2001) (citation omitted). Similarly, the work-product doctrine protects the confidentiality of papers prepared by or on behalf of attorneys in anticipation of litigation. Westinghouse Elec. Corp. v. Rep. of the Philippines, 951 F.2d 1414, 1428 (3d Cir. 1991) (citing Hickman v. Taylor, 329 U.S. 495, 510-11 (1947). Yet, the work-product privilege can be overcome upon a showing that the party seeking discovery has a "substantial need" for the material sought and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In re Cendant Corp. Sec. Litig., 343 F.3d 658, 663 (3d Cir. 2003) (citing Fed. R. Civ. Pro. 26(b)(3)).

Defendant seeks to subpoena documents from attorney Smith that would show "whether Attorney Smith and Plaintiff discussed the effect her voluntary separation would have on damages." (Rec. Doc. No. 75, at 10.) Defendant makes several arguments in support of such a request. First, it argues that the information sought is relevant and that defendant has a substantial need for the information. (Rec. Doc. No. 75, at 7.) Second, it argues that plaintiff waived her right to assert

the attorney-client privilege regarding Smith's advice that she utilize her remaining vacation time by placing this advice at issue and by allowing this advice to be disclosed.  (<u>Id.</u> at 13-21.)  Finally, it argues that the information sought by defendant is not protected by the work-product doctrine because plaintiff lacks standing to assert this doctrine and because she waived this privilege as well.  (<u>Id.</u> at 21.)

Evidently, the parties dispute whether plaintiff quit her job or was fired. Plaintiff's complaint alleges that she was sexually harassed by her manager David Barrett.  (Rec. Doc. No. 1, ¶¶ 7-13.)  Furthermore, she alleges that she informed Larry Yarger, co-owner of defendant, of Barrett's harassment.  (<u>Id.</u> ¶ 13.)  She alleges that Yarger offered her $3,000 plus unemployment compensation if she would quit, to which she requested and was permitted to stay home from work using vacation time while she considered the offer.  (<u>Id.</u> ¶ 14.)  The following day, while on vacation, she was fired by Barrett.  (<u>Id.</u> ¶¶ 15-16.)  Defendant, on the other hand, argues that plaintiff quit her job.  (Rec. Doc. No. 6, ¶¶ 14-16.)

Of course, understanding each party's version of the events does not bring us to why defendant seeks to obtain information from attorney Smith.  On October 18, 2004, more than a month after the plaintiff either quit or was fired, Smith sent a letter to Yarger informing Yarger that he was representing plaintiff with respect to

4

plaintiff's employment dispute.  Furthermore, the letter gave an overview of plaintiff's allegations and informed Yarger that plaintiff had contacted Smith's firm and "was advised to utilize some of her available vacation days so that [the firm] could evaluate her situation."  Finally, the letter requested that Yarger contact Smith to discuss a possible settlement of the dispute.

Thus, as already mentioned, defendant argues that at issue is "whether Attorney Smith and Plaintiff discussed the effect her voluntary separation would have on damages in any action she intended to pursue against [defendant]."  (Rec. Doc. No. 75, at 10.)  Therefore, it appears that defendant seeks to discover whether attorney Smith advised plaintiff not to quit because it might harm her case against defendant.  We believe that this information is protected by the attorney-client privilege as well as the work product doctrine.  In re Grand Jury Subpoena To Kan. City Bd. of Public Utilities, __ F.R.D. __, 2007 WL 4150974, at * 4 (D.Kan. Nov. 19, 2007) (citing Upjohn Co. v. United States, 449 U.S. 383, 390 (1981) (stating that "the [attorney-client] privilege also protects advice given by the lawyer in the course of representing the client.")  In other words, if plaintiff retained attorney Smith with respect to her employment situation, and attorney Smith advised her not to quit because her cause of action would not be as strong or not result in as much damages, we believe that this advice is protected by the attorney-client

privilege as well as the work-product doctrine.  Despite the obviousness of this

protection, we will nevertheless address each of defendant's arguments in

opposition to plaintiff's motion.

First, we will reject defendant's argument that the information is relevant

and that defendant has a substantial need for the requested information.  In support

of this argument, defendant argues that the evidence on whether plaintiff quit or

was fired is "insufficient and contradictory" on this issue.  (Rec. Doc. No. 75, Ex.

A.)  We do not believe this is sufficient to show a "substantial need" for the

requested information.  Defendant has cited plaintiff's application for

unemployment in which she put as the reason for her separation from employment

as "quit."  (Id., at 7, 10.)  It has also pointed to the deposition of Shirley Shawver

who testified that plaintiff informed her that she would not return to work.  (Id. at

10.)  Thus, although there might also be evidence that suggests that plaintiff was

fired, such as plaintiff's own testimony, we do not believe the simple fact that there

is contradictory evidence on this issue is sufficient to show a substantial need for

the requested information.  Furthermore, although a "substantial need" argument

might be sufficient to overcome the work-product doctrine in certain situations,

such an argument is not sufficient to overcome the attorney-client privilege under

any circumstances.  As we have just discussed, advice given to plaintiff by attorney

Smith is protected by the attorney-client privilege.  Thus, no amount of need in the

world would be sufficient to overcome the attorney-client privilege.  For these

same reasons, we will also reject defendant's argument that plaintiff does not have

standing to assert the work-product doctrine.  Plaintiff clearly does have standing

to assert the attorney-client privilege and has done so in the instant motion.

We will also reject defendant's argument that plaintiff has put attorney

Smith's advice at issue by putting her use of vacation time at issue.  (Rec. Doc. No.

75, at 13.)  As we have already stated, plaintiff alleges that she requested and was

permitted to use her vacation time to consider Larry Yarger's offer and was fired

during that time period.  Even if plaintiff did not quit because of attorney Smith's

advice, we do not understand why this equates to attorney Smith's advice being put

at issue.  The issue in this case is whether plaintiff was sexually harassed by an

employee of USV and then terminated from employment when she repeatedly

refused that employee's advances.  While an important part of that issue would be

whether plaintiff quit or was fired, we do not understand why her attorney's advice

on this subject would be at issue.  The classic example of a waiver of the attorney-

client privilege based on the advice of the attorney being placed at issue would be a

malpractice case brought by the plaintiff against the attorney.  In other words, if

plaintiff filed a malpractice suit against attorney Smith alleging that his advice was

negligent, then his advice would clearly be placed at issue.  Of course, that has not

happened here and we find that attorney Smith's advice is not at issue.

Finally, we will reject defendant's argument that the attorney-client privilege

or work-product privilege has been waived.  Even though it appears clear that

Attorney Smith advised plaintiff to utilize some of her available vacation days

based on the letter he sent to defendant, we do not believe this constitutes a waiver

of the privilege that would permit defendant to discover whether attorney Smith

advised plaintiff not to quit in order to strengthen her case.  This is a different

subject than advising plaintiff to utilize vacation time.  Therefore, we find that no

waiver of the attorney-client privilege or work-product privilege has been made.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    Plaintiff's motion to quash is GRANTED to the extent the subpoena

      served upon Glenn Smith seeks information concerning advice given

      to plaintiff as well as all other information protected by the attorney-

      client privilege or work-product privilege. (Rec. Doc. No. 64.)

      Similarly, defendant is precluded from questioning Glenn Smith

      regarding this information at his deposition.

2.     Defendant's subpoena for attorney Glenn Smith's records is

QUASHED and the recipient is excused from compliance with the

subpoena to the extent discussed in paragraph 1 above.


   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge