IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MELINDA KNEPP                    :
                                 :     Civil Action No. 4:06-CV-1018
          Plaintiff,             :
                                 :     (Judge McClure)
     v.                          :
                                 :
UNITED STONE VENEER, LLC.,       :
                                 :
          Defendant              :

**MEMORANDUM**

December 4, 2008

**BACKGROUND:**

On May 18, 2006, plaintiff Melinda Knepp instituted this civil action against

defendant United Stone Veneer, LLC ("USV"), setting forth claims under Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and under

the Pennsylvania Human Relations Act, 43 P.S. §§ 951, et seq. ("PHRA").  In her

four-part complaint,  plaintiff contends that she was sexually harassed by David

Barrett, defendant's employee and plaintiff's supervisor, continuously over a ten-

month period; defendant was aware of the harassment but failed to take action to

prevent or rectify the problem and plaintiff was terminated from employment after

repeatedly rebuffing Barrett's advances and notifying management of his activities.

Defendant filed a motion for summary judgment on July 16, 2008.  Two

days later, plaintiff filed its motion for summary judgment.  On September 23,

2008, we issued orders denying the parties' motions for summary judgment.

This case is currently set for trial on April 7, 2009.  On November 7, 2008,

plaintiff filed a motion in limine to "preclude the Defendant from introducing

certain evidence at trial."  (Rec. Doc. No. 113).  The plaintiff wishes to exclude the

following evidence from being introduced at trial:

1.  Evidence that defendant USV's shareholder, David Barrett, suffers from

Lyme Disease, and that his medical condition is a defense to the claims asserted;

2.  Evidence related to Melinda Knepp's prior relationships, marriage, and/or

divorce that occurred prior to her employment with USV;

3.  Evidence that Melinda Knepp's husband is rumored to have a drinking

and/or substance abuse problem;

4.  Evidence of the alleged condition and/or health of Melinda Knepp's

marriage;

5.  Evidence regarding Melinda Knepp's husband's employment history

and/or his earned history or capacity; and

6.  Evidence regarding a recorded telephone conversation involving Larry

Yarger, a former deceased shareholder of USV, David Barrett, USV shareholder,

Angela Barrett, USV shareholder, and Vicki Sealover, USV employee.

Supporting and opposing briefs have been filed and the matter is ripe for disposition.  For the following reasons, we will grant plaintiff's motion in part and deny plaintiff's motion in part.

**DISCUSSION:**

Defendant agrees that the evidence discussed above in #2-6 are irrelevant. As a result, we bar the introduction of evidence relating to those enumerations at trial.  Therefore, the following analysis will focus squarely on plaintiff's desire to preclude defendant from introducing "[e]vidence that defendant USV's shareholder, David Barrett, suffers from Lyme Disease, and that his medical condition is a defense to the claims asserted."  (Rec. Doc. No. 114, p. 3).

It is the plaintiff's contention that David Barrett's medical history, and specifically his suffering from Lyme Disease, is irrelevant because it cannot serve as a defense to a sexual harassment or a retaliatory discharge claim.  Defendant's response notes that it is not asserting Barrett's Lyme Disease as a defense, but rather submits "that Knepp's belief that his Lyme Disease was the cause of his expressions of affection for her is relevant to the issue of whether Barrett's conduct detrimentally affected her subjectively," (Rec. Doc. No. 115, p. 3), which is an essential element of a hostile work environment claim under Title VII and PHRA.

Kunin v. Sears Roebuck & Co., 175 F.3d 289, 293 (3d Cir. 1999) (citing Andrews

v. City of Philadelphia, 895 F.2d 1469, 1482 (3d Cir. 1990)).  We agree with the

defendant's assertion.

Under the Federal Rules of Evidence, "[a]ll relevant evidence is admissible,

except as otherwise provided by the Constitution of the United States, by Act of

Congress, by [the Federal Rules of Evidence], or by other rules prescribed by the

Supreme Court pursuant to statutory authority.  Evidence which is not relevant is

not admissible."  Fed. R. Evid. 402.  "'Relevant evidence' means evidence having

any tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be

without the evidence."  Fed. R. Evid. 401.  However, relevant evidence "may be

excluded if its probative value is substantially outweighed by the danger of unfair

prejudice, confusion of the issues, or misleading the jury, or by considerations of

undue delay, waste of time, or needless presentation of cumulative evidence."  Fed.

R. Evid. 403.

The record is rife with plaintiff's references to the disease as the cause of

Barrett's behavior.  Although circumstantial, this evidence makes the plaintiff's

claim that Barrett's behavior detrimentally affected her employment less probable.

Therefore, we find that Barrett's Lyme Disease is relevant insofar as the defendant

is introducing the evidence to address this essential element of a hostile work

environment under  Title VII and PHRA.

In the alternative, the plaintiff argues that even if the evidence is relevant, its

probative value is substantially outweighed by the danger of unfair prejudice to

Knepp.  However, this is an unsupported, conclusory assertion.  Plaintiff fails to

provide guidance or an explanation as to how the Lyme Disease evidence is more

prejudicial than probative.  Additionally, during a review of the record, we did not

find any indication that this evidence is inadmissible under Rule 403 of the Federal

Rules of Evidence.


**CONCLUSION:**

For the aforementioned reasons, the court will grant plaintiff Melinda

Knepp's motion <u>in</u> <u>limine</u> in part and deny the motion in part..



     s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MELINDA KNEPP                    :
                                 :       Civil Action No. 4:06-CV-1018
              Plaintiff,         :
                                 :       (Judge McClure)
         v.                      :
                                 :
UNITED STONE VENEER, LLC.,       :
                                 :
              Defendant          :

**O R D E R**

December 4, 2008

For the reasons set forth in the accompanying memorandum,


**IT IS HEREBY ORDERED THAT:**

1.  Plaintiff's  motion in limine to exclude evidence regarding David

Barrett's Lyme Disease affliction is DENIED. (Rec. Doc. No. 113).

2.  Plaintiff's motion in limine to exclude evidence of her prior relationships,

marriage, and/or divorce is GRANTED. (Id.).

3.  Plaintiff's motion in limine to exclude evidence that her husband's

alleged drinking and/or substance abuse problem is GRANTED.  (Id.).

4.  Plaintiff's motion in limine to exclude evidence of the alleged condition

and/or health of her marriage is GRANTED.  (Id.).

1

5.  Plaintiff's motion <u>in</u> <u>limine</u> to exclude evidence regarding her husband's employment history and/or his earned history or capacity is GRANTED.  (<u>Id.</u>).

6.  Plaintiff's motion <u>in</u> <u>limine</u> to exclude evidence regarding a recorded telephone conversation involving Larry Yarger, David Barrett, Angela Barrett and Vicki Sealover is GRANTED.  (<u>Id.</u>).


      s/ James F. McClure, Jr.
      James F. McClure, Jr.
      United States District Judge