IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MELINDA KNEPP                          :
                                       :        Civil Action No. 4:06-CV-1018
                   Plaintiff,          :
                                       :        (Judge McClure)
              v.                       :
                                       :
UNITED STONE VENEER, LLC.,             :
ALCOA HOME EXTERIORS, INC.,            :
PLY GEM INDUSTRIES, INC.,              :
                                       :
                   Defendants          :

## MEMORANDUM

March 12, 2009

## BACKGROUND:

On May 18, 2006, plaintiff Melinda Knepp instituted this civil action against

defendant United Stone Veneer, LLC ("USV"), setting forth claims under Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and under

the Pennsylvania Human Relations Act, 43 P.S. §§ 951, et seq. ("PHRA").  In her

four-part complaint,  plaintiff contended that she was sexually harassed by David

Barrett, defendant's employee and plaintiff's supervisor, continuously over a ten-

month period; USV was aware of the harassment but failed to take action to

prevent or rectify the problem and plaintiff was terminated from employment after

repeatedly rebuffing Barrett's advances and notifying management of his activities.

USV filed a motion for summary judgment on July 16, 2008.  Two days later, plaintiff filed its motion for summary judgment.  On September 23, 2008, we issued orders denying the parties' motions for summary judgment.

On February 25, 2009, we granted plaintiff leave to amend her complaint to join Alcoa Home Exteriors, Inc. ("Alcoa") and Ply Gem Industries, Inc. ("Ply Gem") as defendants.  (Rec. Doc. No. 25).  An Amended Complaint was filed on February 26, 2009.  (Rec. Doc. No. 144).  USV filed "Defendant's Motion in limine," (Rec. Doc. No. 129)., and "Defendant's Motion in limine Number 2," (Rec. Doc. No. 131), on February 12, 2009, and "Defendant's Motion in limine Number 3," (Rec. Doc. No. 134), and "Defendant's Motion in limine Number 4," (Rec. Doc. No. 136), on February 13, 2009, to preclude plaintiff from introducing certain evidence and arguments at trial.  USV wishes to exclude the following evidence and arguments from being introduced at trial:

1. Testimony of plaintiff's vocational expert, Terry P. Leslie, (Rec. Doc. No. 129);

2. Plaintiff's oral request to the jury for a specific monetary award related to pain and suffering and punitive damages, if the Court charges on punitive damages, (Rec. Doc. No. 131);

3.  Evidence of David J. Barrett's 1993 convictions for simple assault and
    false imprisonment, (Rec. Doc. No. 134); and

4.  Evidence concerning Andrea Barrett's compensation as office manager at
    USV.  (Rec. Doc. No. 136).

Supporting and opposing briefs have been filed and the matter is ripe for disposition.  For the following reasons, we will grant USV's unnumbered motion in limine, motion in limine Number 2,  motion in limine Number 3 and motion in limine Number 4.


**DISCUSSION:**

Plaintiff concurs in motion in limine Number 2.   As a result, we bar plaintiff from making any statement or argument to the jury suggesting a specific monetary award for pain and suffering or punitive damages.   Therefore, the following analysis will focus squarely on USV's desire to preclude defendant from introducing Leslie's expert testimony and any evidence of Andrea Barrett's earnings or evidence regarding David Barrett's conviction.


I.  Motion in limine (Unnumbered) & Motion in limine Number 4

USV contends that Leslie's expert testimony should not be admitted because

there is no foundation for such testimony and it is purely speculative.  Specifically,

USV states that Leslie's lost future wages analysis is improper because it is based

upon the unsubstantiated claim that Knepp would be promoted to office manager

and that she would have been compensated at the same rate as Andrea Barrett, the

individual who was promoted to office manager after Knepp's departure from

USV.  Plaintiff contends that Leslie's testimony is based upon facts of record and

that the use of Andrea Barrett's salary to opine the extent of Knepp's future wages

was proper because they were similarly situated employees.

Expert testimony must be based upon a proper factual foundation.  Stecyk v.

Bell Helicopter Textron, Inc., 295 F.3d 408, 414 (3d Cir. 2002) (citing Elock v.

Kmart Corp., 233 F.3d 734 (3d Cir. 2000); see Fed. R. Evid. 702; Fed. R. Evid.

703.  If an expert's testimony is unsupported by a sufficient factual foundation it

significantly increases the risk of misleading the jury and confusing the issues of

the case.  See Elock, 233 F.3d at 754-55.  However, the test for admissibility of

expert testimony does not require that opinion have the best foundation or be

demonstrably correct, but only that it be based on valid reasoning and reliable

methodology.  ID Sec. Sys.Canada, Inc. v. Checkpoint Sys., Inc., 198 F. Supp. 2d

598, 603 (E.D. Pa. 2002).

Therefore, because Leslie's expert opinion is based upon Andrea Barrett's

salary as office manager, the opinion is admissible if one may reasonably believe that: (1) Knepp would have been promoted to office manager and (2) Knepp and Andrea Barrett are similarly situated.  We do not believe this is the case.

Minus plaintiff's claim that David Barrett promised her a promotion to office manager, the record is bereft of evidence indicating USV intended to create an official office manager position and, thereafter, elevate Knepp to that role.  In fact, the record strongly indicates that David Barrett discussed an administrative assistant position with Knepp, not the office manager job.  That plaintiff may have, at times, performed certain duties and tasks that an office manager typically oversees is largely immaterial.  The question is not whether Knepp was qualified to fulfill the office manager position, but whether she would have if she continued to work at USV.  That the position did not even exist while Knepp was employed at USV seriously abates plaintiff's claim.

Furthermore, we find plaintiff's claim that Andrea Barrett and Knepp are similarly situated dubious at best.  "Similarly situated employees are those who 'have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'"  Terrell v. City of Harrisburg Police Dept., 549 F. Supp. 2d 671, 681

(M.D. Pa. 2008) (quoting <u>Ogden v. Keystone Residence</u>, 226 F.Supp.2d 588, 603

(M.D. Pa. 2002); <u>see</u> <u>Red v. Potter</u>, 211 Fed. Appx. 82, 84 (3d Cir. 2006) (stating

that "in order to show that an employee is 'similarly situated,' all of the relevant

aspects of employment need to be nearly identical").  An employer may surely

treat and compensate employees differently for many reasons, including

educational background and professional history.  In these regards, Andrea Barrett,

as a Pennsylvania State University graduate and former administrator of a research

center, would receive different treatment than Knepp, a high school graduate who

had spent a majority of her career as secretary or receptionist.  Moreover, although

plaintiff's claim that Andrea Barrett did not earn more than Knepp until seven

months after Barrett began to work for the company is accurate, it is also

misleading because Knepp reached that level of compensation over a three year

period, while Barrett was able to exceed that salary level in less than one year of

employment.  We also find it compelling that the office manager position was

officially created for Andrea Barrett, after Knepp's employment with USV ended.

Whether it was Andrea Barrett's performance, educational background,

professional history, family connections or a combination thereof, a review of the

record clearly indicates that USV treated her differently than Knepp; they were not

similarly situated employees.

Consequently, Leslie's proposed expert testimony is speculative and lacks the proper foundation.  We will grant defendant's motion in <u>limine</u> and motion <u>in</u> <u>limine</u> Number 4.

<u>Motion in limine Number 3</u>

Under the Federal Rules of Evidence, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by [the Federal Rules of Evidence], or by other rules prescribed by the Supreme Court pursuant to statutory authority.  Evidence which is not relevant is not admissible."  Fed. R. Evid. 402.  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  However, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

Here, USV contends that plaintiff should be precluded from testifying about David Barrett's 1993 simple assault and false imprisonment convictions because

7

the probative, relevant value of this information is substantially outweighed by the danger of unfair prejudice to the defendant.  In response, plaintiff asserts this information is relevant to Knepp's state of mind and the circumstances surrounding her alleged constructive discharge and is unlikely to cause unfair prejudice to USV because Knepp will still be permitted to discuss the fact that she knew Barrett had terrorized his wife and punched her in the head with such force that he ruptured her eardrum.  We agree with defendant USV.

Although we find this information relevant to the constructive discharge portion of Knepp's claims, USV contends, and we agree, that evidence indicating that Barrett was ever violent towards Knepp is absent from the record.  The record may be brimming with evidence of harassment, but nothing proffered shows that Knepp should have been reasonably frightened of a possible violent, physical altercation.   Consequently, we find that evidence related to these crimes is simply too attenuated from the events upon which the case at bar is based, both in content and time, to be reasonably probative, especially in light of the prejudicial nature of past bad acts.

Therefore, because we find the probative value of the anticipated testimony to be substantially outweighed by the danger of unfair prejudice, we will grant defendant USV's motion in limine Number 3.

8

**CONCLUSION:**

For the aforementioned reasons, the court will grant defendant USV's

unnumbered motion in limine, motion in limine Number 2,  motion in limine

Number 3 and motion in limine Number 4.


    s/   James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MELINDA KNEPP                          :
                                       :      Civil Action No. 4:06-CV-1018
                    Plaintiff,         :
                                       :      (Judge McClure)
              v.                       :
                                       :
UNITED STONE VENEER, LLC.,       :
ALCOA HOME EXTERIORS, INC., :
PLY GEM INDUSTRIES, INC.,           :
                                       :
                    Defendants         :

**O R D E R**

March 12, 2009

For the reasons set forth in the accompanying memorandum,


**IT IS HEREBY ORDERED THAT:**

1. Defendant USV's  motion in limine to exclude testimony of plaintiff's

   vocational expert, Terry P. Leslie is GRANTED.  (Rec. Doc. No. 129).

2. Defendant USV's motion in limine to preclude plaintiff from requesting a

   specific monetary award for pain and suffering and punitive damages, if

   the Court charges on punitive damages, is GRANTED.  (Rec. Doc. No.

   131).

3. Defendant USV's motion in limine to exclude evidence of David J.

1

Barrett's 1993 convictions for simple assault and false imprisonment, and

any evidence related thereto, is Granted.  (Rec. Doc. No. 134).

4. Defendant USV's motion <u>in</u> <u>limine</u> to exclude evidence regarding Andrea

Barrett's compensation as office manager at USV is GRANTED.  (Rec.

Doc. No. 136).


   s/   James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge